BENJAMIN STINSON *versus* WILDES P. WALKER.

Where the seller sends to the purchaser a different article from that contracted for, and on learning the fact, directs it to be sent back by the first ship, and it is sent coastwise in conformity with the directions, but is lost at sea; the purchaser may recover back the consideration money paid, although no bill of lading was taken, or letter of advice sent.

Neither the st. 1821, c. 85, nor the Rev. St c. 133, authorizes the taking of a deposition during the sitting of the Court, to be used at that term, because the deponent wishes to go out of the State.

Where a Judge, in his discretion, grants a commission to take a deposition in term time, because the witness is about to go out of the State, with the express reservation that the admission of the deposition should be subject to the discretion of the Court, he has the power to reject the deposition, when offered in evidence.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit to recover back of the defendant $20,10, the price paid him by the plaintiff for a small cask of wine. The plaintiff kept a store in Bath and the defendant one in Boston. Some months after the wine had been received by the plaintiff at Bath, the defendant was there, at the store of Stinson, and was there notified, that the wine was bad. Walker examined it, and said it was not the wine he intended to send, and directed the plaintiff to return it. A witness, called by the plaintiff, testified, that the defendant directed the plaintiff to send the wine back by the first opportunity, and that it was sent about two weeks afterwards by a Cathance packet. The master of the packet, also called by the plaintiff, testified, that the plaintiff put the wine on board his vessel, verbally consigned to the defendant at Boston ; that his vessel was called the " Eagle of Bath," and was a regular packet between Cathance and

Boston, always touching at Bath; that the wine was put on board, when she touched at Bath on her way to Boston; that before her arrival at Boston, a severe storm came on, whereby his vessel, with the wine on board, as well as about thirty other vessels, was lost on Cape Ann; and that he went to Boston, and notified the defendant of the loss within four days after it happened. The defendant called a witness, who testified, that in a conversation between the parties after the loss, the defendant said he ordered it sent back by a Bath vessel. No letter of advice was sent by Stinson to Walker, when the wine was shipped back, and no bill of lading was taken.

The defendant contended that the plaintiff could not recover because no bill of lading was taken, and no letter of advice of the shipment was sent. The Judge ruled that those acts were not necessary.

The jury were instructed, that the plaintiff must prove, that the wine had been sent within a reasonable time, and by such mode of conveyance as the defendant had prescribed; that these were questions for their decision; although it was his own opinion, that this was such a mode as would answer the defendant's directions.

A few days before the case came on for trial, the clerk of the defendant was in attendance as a witness for the defendant. The counsel for the defendant several times moved for a commission to take the deposition of the witness, and at length the Judge appointed a commissioner to take the deposition, giving notice and certifying the cause; but the appointment was made with the express reservation, that the admission of the deposition should be subject to the discretion of the Court. The caption stated, that the deponent was about to leave the State and that the plaintiff was notified. The deposition was objected to on the part of the plaintiff. The defendant offered to prove, that the deponent had left the State. The deposition was rejected by the Judge.

The verdict was for the plaintiff and the defendant filed exceptions.

*J. S. Sewall,* for the defendant, contended that the plaintiff was bound to take a bill of lading, and to notify the defendant of the shipment of the wine. Custom among merchants requires it; and unless it is done, the consignee is not able to effect insurance upon the goods consigned to him, not knowing by what vesssl they are sent, or when they were shipped.

The deposition should have been admitted. The commissioner certified that the deponent was about leaving the state, and the defendant offered to prove, that he had left it. The rule is believed to be, that when these facts are shown, the deposition should be admitted. 1 Stark. Ev. 263 ; Roscoe on Ev. 58. The plaintiff too waived all objections, which otherwise he might have had, by appearing and putting interrogatories. 16 Pick. 401.

The reservation of the right to admit or reject the deposition, amounts to nothing. After an unqualified commission has once issued, and the deposition has been taken ; and the deponent in consequence of it has left the State, the Court cannot reject the deposition, unless upon legal grounds. No *legal* objection was urged against the admission, and none existed.

*Randall & Whitman* for the plaintiff.

The laws applicable to freighters are the same as to common carriers, with the exception, that ships are exempted from certain risks, to which other common carriers are liable. If the absence of a bill of lading would at all vary the liability, it would only be to increase it by the absence of exemptions, usually inserted in a bill of lading. Holt on Shipping, 359, 377. It is not the custom to take bills of lading in shipping small articles coastwise, but the reverse of it.

No letter of advice in this case is necessary. The wine belonged to the defendant, having been wrongfully sent to the plaintiff, who was not bound to be at the expense or risk of returning it. Special instructions were given, and the jury have found that they were followed. A letter of advice would be useless, as the vessel would ordinarily arrive as soon as the

letter.   No one would be at the expense of insuring this very small quantity of worthless wine.

The deposition was properly rejected.   If taken under the statute, the cause of taking is clearly insufficient, as that authorizes the taking only where the deponent is about to go out of the State before the sitting of the Court to which it is returnable.   If taken under the rule of Court, the reasons must be satisfactory to the Court.   In this case they were not.   It was for the Court, in its discretion to determine this, and it was a just and discreet exercise of it in this case.

The opinion of the Court was drawn up by

TENNEY J. — The Judge instructed the jury that it was not incumbent on the plaintiff, when he put the cask of wine on board the vessel at Bath, to take from the master a bill of lading, or to advise the defendant by letter of what he had done.   Whatever may be the usages of factors and general commercial agents in this respect, when they make shipment of goods to their principals, we are not satisfied that the plaintiff here failed in his duty.   His agency was of a special character, consisting of power to do a single act, and the jury have found that he did all, which the terms used by the defendant in his directions required.   But had it been otherwise, we do not perceive, how the exceptions to this part of the Judge's charge can be sustained.

This action is to recover the consideration paid by the plaintiff for an article of merchandize, which he never received, but instead thereof, one entirely different and inferior in value, and which he did not use.   This the defendant admitted, saying, "it was not the wine he intended to send."   It was then the property of the defendant, and he was liable for the amount received for that which he never delivered, and this liability did not depend upon condition, that the wine actually sent was to be returned, for no such condition was alluded to, when the defendant acknowledged the mistake made by him.   How then can the rights of the plaintiff, as involved in this action, depend upon the performance of his

duty, when he undertook to put the wine on board a vessel and send it to Boston ? His engagement to do this was altogether a different matter, and as independent of the claim now asserted by the plaintiff, as would be a contract to transmit any other merchandize belonging to the defendant.

Exceptions are also taken, that the deposition of Jacob Stanwood, a witness, who had been in attendance at the term of the Court when the action was tried, and wishing to leave the State, was excluded. This deposition was taken under a commission issued by the Court with the express reservation, that it should be subject to the discretion of the Court. The right of a party to use depositions depends upon the statute and the rules of Court. If he bring himself within either, the Court have not the power to exclude them, for they are bound equally with parties by both. Did either authorize the taking and using the deposition in question ? The cause certified is, that " the deponent was about leaving the State." Is this a cause for which the statute permits the use of a deposition ? By the Revised Statutes, one cause is, when the deponent " is about to go out of the State by sea or land, before the session of the Court," Rev. St. c. 133, § 4. The language of the statute of 1821, c. 85, § 1, is, " or be about to go out of the State and not to return in time for the trial." The terms used in the Rev. Statutes, which are plain and unequivocal, will not embrace this deposition ; and as the new law is a revision of the old, we cannot doubt that the alteration was intended. We do not see, that a deposition of one about to go out of the State after the session of the Court commences, can be used with any more propriety, then if taken for a cause not mentioned in the statute.

The 19th rule of the District Court, for the Middle District provides, " that depositions may be taken for the causes and in the manner by law prescribed in term time, as well as in vacation." Here no authority additional to what the law contains, as to the cause, is given. Doubts may be entertained whether the Court had the power to admit this deposition, if objected to.

If our construction of the language in the statute be correct, it was only in the exercise of a discretion of the Judge that this deposition was taken, and if he in that exercise authorized the caption with the reservation of the power to reject the evidence in that form, we do not see why the reservation does not exist in equal rigor with the order for the commission.

*Exceptions overruled.*